Opinion by
White, P. J.

(Transferred from Austin.)

§ 3 2 4. Notice of damage; stipulation for, in carrier’s contract; verbal; waiver of. Scott sued the railroad company for damages for loss and injury of beef cattle shipped by him over the railroad. There was a stipulation in the contract of shipment, that, as a condition precedent to his right to recover any damage for any loss or injury to said stock, he would give notice in writing of his claim therefor to some officer of the company, or its nearest station agent, before removing said stock from the place of destination, or the place of delivery to him, and before said stock should be mingled with other stock. He did not give any written notice of his claim for dam *280 ages. He verbally notified'the superintendent of a stockyard, and the conductor of the train on which his cattle were transported, (of his claim for damages. The trial court held that such notice was sufficient, and gave judgment in his favor for damages. Held: The court erred in finding that a verbal notice by the plaintiff of his claim for damages to the parties named was a compliance with this stipulation in the contract. The fact that upon giving this verbal notice these parties told him to wait a reasonable time, and informed him that a member of the company would come and settle with him, did not amount to a waiver on the part of the company of such written notice. [W. & W. Con. Rep. §§ 374, 1257; ante, 136, 137.] The contract not only bound him to give the notice in writing, but also that it should be given to some officer of the road, or its nearest station agent. If a verbal notice could, under any circumstances, effect a waiver of the written notice, it must have been given to an officer of the road, or its nearest station agent. A conductor of a train and a superintendent of stock-yards are merely employees, and not officers of the company. Had the verbal notice been given to an officer or station agent, and those parties had told the owner to wait a reasonable time, and that a member of the company would settle with him, we are not prepared to say that this would not have been tantamount to a waiver of the written notice.
October 18, 1884.
§ 325. Proof of waiver of notice. It is a general rule that the fact of waiver of notice may be established by proof of circumstances inconsistent with the right of the antecedent party to insist upon the observance of the conditions of his contract, as well as by express promise of such party. [Wade on Notice, § 940.] But in this case, the circumstances shown do not involve the parties to whom the notice should have been given.
Reversed and remanded.